# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | |
| v. | Case No. 20-MJ-4167 |
| DALLAS WILLIAMS-SMOTHERS | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about September 5, 2020, in the County of Monroe, in the Western District of New York, the defendant, DALLAS WILLIAMS-SMOTHERS, did knowingly and intentionally commit and attempt to commit an act to obstruct, impede, and interfere with law enforcement officers lawfully engaged in the lawful performance of their official duties incident to and during the commission of a civil disorder which obstructed, delayed, and adversely affected commerce and the movement of any article or commodity in commerce, in violation of Title 18, United State Code, Section 231(a)(3).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

SETH A. CARR
Task Force Officer, Federal Bureau of Investigation
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on:

Date: September 9, 2020

*Judge's signature*

MARIAN W. PAYSON
United States Magistrate Judge
*Printed name and title*

City and State: Rochester, New York

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

State of New York     )
County of Monroe    )     SS:                                                                  **Case No.**
City of Rochester       )

I, **SETH A. CARR**, being duly sworn, depose and state that:

### INTRODUCTION

1. I am a Task Force Officer with the Federal Bureau of Investigation (FBI), and I am assigned to the Rochester, New York Resident Agency. I have been assigned as a Task Force Officer with the FBI since July 2019. I have been employed by the Rochester Police Department for over 22 years and assigned as an Investigator for over 12 years. As part of my professional experience, I have participated in state and federal investigations involving, but not limited to, homicide, bank robbery, Hobbs Act violations, felony fugitives, and illegal drug trafficking. I further state that I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. This affidavit is submitted in support of a criminal complaint and arrest warrant against DALLAS WILLIAMS-SMOTHERS (hereinafter, "WILLIAMS-SMOTHERS") for civil disorder, in violation of 18 U.S.C. § 231(a)(3). As set forth below, there is probable cause to believe that WILLIAMS-SMOTHERS did intentionally ignite commercial grade fireworks and throw them toward uniformed City of Rochester Police Officers (RPD) for the intended purpose of obstructing, impeding, and interfering in a violent manner with such law

enforcement officers; that he did so knowingly; and that he did so during a civil disorder that obstructed, delayed and adversely affected interstate commerce.

3.  The assertions made herein are based solely upon my personal knowledge or upon information I have received from other law enforcement agents who are involved in this investigation. Further, I have had discussions with officers involved in this investigation who have confirmed the accuracy of the information contained within this affidavit. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe the defendant committed the above-mentioned offense.

## APPLICABLE LAW

4.  Section 231(a)(3) provides, in pertinent part, that "whoever commits or attempts to commit any act to obstruct, impede, or interfere with any . . . law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce . . . shall be fined under this title or imprisoned not more than five years or both." "The term 'civil disorder' means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1). "The term 'law enforcement officer' means any officer or employee of . . . any State [or] any political subdivision of a State . . . while engaged in the enforcement or prosecution of any of the criminal laws of . . . a State [or] any political subdivision of a State." 18 U.S.C. § 232(7).

## PROBABLE CAUSE

5.  On or about September 2, 2020, it was publicly revealed that Daniel Prude died on March 30, 2020, one week after an encounter with RPD police officers. In the wake of that public disclosure, there were two nights of violent protests in the City of Rochester that resulted in property damage and physical injury to several RPD police officers. During the protests on September 4, 2020, a group of protesters damaged property and turned over tables at two restaurants in the City of Rochester, causing numerous patrons to leave. In connection with the protests on September 5, 2020, law enforcement shut down Exit 14 on Interstate 490 in the City of Rochester, which is the exit for Broad Street and Plymouth Avenue near RPD headquarters, for approximately eight hours and the State Street exit on the Inner Loop in the City of Rochester for approximately an hour.

6.  During the evening of September 5, 2020, a group of approximately 1,500 protesters gathered near RPD headquarters, which is located at 185 Exchange Boulevard in the City of Rochester. Once the group arrived, they gathered at the intersection of Broad Street and Exchange Boulevard (which is located a block north of RPD headquarters), where they blocked all lanes of traffic on Broad Street and all lanes of traffic on Exchange Boulevard between Broad Street and Main Street. RPD officers manned metal barricades on the south side of the intersection of Broad Street and Exchange Boulevard. The group extended from the intersection of Broad Street and Exchange Boulevard to the intersection of State Street and Main Street. At various times over the course of approximately two hours, some members of the group hurled rocks, bottles, lit fireworks, and other objects at police officers standing on the southern side of the intersection of Broad Street and Exchange Boulevard. Some members of the group also shined flashlights and pointed lasers at the police officers. The

group was repeatedly asked by an RPD sound truck to move onto the sidewalks and leave the area or be subject to arrest for Disorderly Conduct for impeding traffic. After RPD repeatedly directed the group to leave the area, several members of the group disregarded those messages, remained in the streets, and continued to block the intersections.

7. Thereafter, RPD declared an unlawful assembly due to several people in the crowd committing criminal activity, which included throwing rocks, bottles, lit fireworks and other objects, as well as pointing lasers, at officers.

8. At approximately 11:20 p.m., an RPD Officer observed WILLIAMS-SMOTHERS ignite a mortar-style, commercial grade firework and throw it at a line of uniformed RPD officers as they attempted to address the crowd at the intersection of State Street and Main Street. The firework detonated in the immediate vicinity of the uniformed RPD officers, causing a loud explosion and creating a risk of serious injury to the officers. WILLIAMS-SMOTHERS fled the area on foot. After a physical description of WILLIAMS-SMOTHERS was communicated to RPD personnel, he was apprehended and arrested in the area of 4 Commercial Street. At the time of his arrest, the police searched several pouches that were attached to a belt worn by WILLIAMS-SMOTHERS. Inside one of the pouches, the police recovered two mortar-style, commercial grade fireworks, each of which was three inches long and one inch wide, shaped like a light bulb, and had a fuse protruding from the stem.

## CONCLUSION

9. Based on the foregoing, there is probable cause to believe that, on September 5, 2020, DALLAS WILLIAMS-SMOTHERS knowingly and intentionally obstructed,

impeded, and interfered – and attempted to obstruct, impede, and interfere – with law enforcement officers who were engaged in the lawful performance of their official duties when WILLIAMS-SMOTHERS intentionally ignited a mortar-style, commercial firework and threw it toward uniformed RPD officers; and that these actions occurred during a civil disorder that obstructed, delayed and adversely affected interstate commerce, in violation of 18 U.S.C. § 231(a)(3).

*[signature]*
SETH A. CARR
Task Force Officer
Federal Bureau of Investigation

Affidavit and Criminal Complaint submitted electronically by e-mail in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d):

*[signature: Marian W. Payson]*
HONORABLE MARIAN W. PAYSON
United States Magistrate Judge
Western District of New York